|  | UNITED STATES DISTRICT COURT | Priority ____ |
|---|---|---|
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Send ____ |
|  |  | Enter ____ |
|  |  | Closed ____ |
|  | CIVIL MINUTES - GENERAL | JS-5/JS-6 ____ |
|  |  | Scan Only ____ |

CASE NO.: **CV 11-09819 SJO (SSx)**        DATE: **December 14, 2011**

TITLE: **Goldwood Water Properties, LLC v. Justine Fabul, et al.**

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                           Not Present
Courtroom Clerk                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** [Docket No. 1]

On October 13, 2011, Plaintiff Goldwood Water Properties LLC ("Plaintiff") filed its Complaint for Unlawful Detainer in state court. On November 28, 2011, Defendant Jose Jordana[1] ("Defendant") filed a Notice of Removal ("Notice") and removed this action from Los Angeles Superior Court For the following reasons, the case is **REMANDED** to Los Angeles Superior Court.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The Complaint sets forth the following allegations. Plaintiff is a limited liability company organized in the State of California. (Compl. ¶ 1, ECF No. 1.) Plaintiff is the owner of the property located on 1850 Boca Avenue, Los Angeles, California, 90032 (the "Property"). (Compl. ¶ 2.) The previous owner of the Property, the trustor, defaulted in the payment of the promissory note (Compl. ¶ 6.) The trustee recorded a notice of default and breach of conditions of the trust deed in the Office of Country Recorder of Los Angeles County, California ("Office of County Recorder"). (Compl. ¶ 6.) Pursuant to the trust deed, the trustee elected to sell the Property to satisfy the obligations secured by the trust deed. (Compl. ¶ 6.) The trustee gave notice that the Property would be sold at a public auction on October 4, 2011. (Comp. ¶ 7.) This notice of sale was recorded in the Office of County Recorder. (Compl. ¶ 7.) At the public auction, the trustee sold the Property to Plaintiff.

---

[1] The Complaint named Justine Fabul and Does 1-10 as defendants. (*See generally* Compl.) Defendant Justine Fabul has a judgment against her, such that she is not longer a participant in this litigation. (Notice ¶ 2.) Jose Jordana filed the Notice of Removal. (Notice ¶ 1.) However, the Court is aware of no amended complaint that identifies Mr. Jordana as a previously identified Doe defendant. The only version on the complaint available to the Court is the original complaint, which identified solely Justine Fabul as a defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 11-09819 SJO (SSx)</u>          DATE: <u>December 14, 2011</u>

Defendant is a residential tenant of the Property. (Compl. ¶ 2.) After the sale of the Property, Defendant remained in possession of the property. (Compl. ¶ 9.) On October 5, 2011, Plaintiff served Defendant written notice ("Notice to Quit"), which stated that the Plaintiff purchased the property and demanded that Defendant quit the premises within three days after service of the notice. (Compl. ¶ 10.) On October 11, 2011, after the three-day notice period expired, Defendant refused to deliver possession of the Property and continues to be in possession of the Property. (Compl. ¶ 12.)

As a result of the aforementioned events, Plaintiff filed a Complaint for Unlawful Detainer ("Complaint") against Defendant in Los Angeles Superior Court on October 13, 2011. On November 28, 2011, Defendant removed this action to this Court on the basis of federal question jurisdiction, asserting that the action is preempted by the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220 *et seq.* (*See generally* Notice, ECF No. 1)

II.     DISCUSSION

      A.     <u>The Court Challenges Subject Matter Jurisdiction *Sua Sponte*</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists.

      B.     <u>Legal Standard for Removal</u>

Under this Court's removal jurisdiction, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a) (2006). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal to federal district court means "that the defendant always has the burden of establishing that removal is proper." *Id.* at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

      C.     <u>Federal Question Jurisdiction</u>

Defendant's Notice asserts that this Court has subject matter jurisdiction over this action based on federal question jurisdiction. (Notice ¶ 6.) Defendant contends that Plaintiff's cause of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  **CV 11-09819 SJO (SSx)**           DATE:  **December 14, 2011**

for unlawful detainer under California law is preempted by the Protecting Tenants at Foreclosure Act ("PTFA").  (Notice ¶ 6.)

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).  Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, to a state-law claim.  *See Caterpillar Inc., v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).  The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and a plaintiff may avoid federal jurisdiction by pleading only state-law claims.  *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir.2000).

Here, Plaintiff's claim does not present a federal question or turn on the construction of federal law.  Plaintiff's unlawful detainer claim is based strictly on California law.  (*See generally* Compl.)  Defendant's argument that PTFA preempts California law as to Plaintiff's claim against residential tenants of foreclosed landlords is best characterized as a federal defense or potential counterclaim; neither of which is considered when determining federal question jurisdiction.  *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Defendant argues that the PTFA is not a defense, but the entire basis for Plaintiff's cause of action to eject Defendant.  (Notice ¶ 14.)  Defendant argues that Plaintiff cannot state a claim "without framing the prima face case in the language of the PTFA."  (Notice ¶ 14.) Assuming, arguendo, Plaintiff's cause of action should be brought under the PTFA and not under state law, the existence of a federal question does not mean that only a federal court may hear the case. State courts are courts of general jurisdiction, and they are empowered to decided federal legal questions.  "The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981).  Here, Plaintiff chose to bring its claim in state court under a state law.  Defendant has not pointed to any explicit provision of the PTFA that signals Congress's desire to divest the state court's jurisdiction.  However, Defendant is free to allege in state court - in the form of a demurrer - that federal law preempts Plaintiff's state law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 11-09819 SJO (SSx)     **DATE:** December 14, 2011

Furthermore, federal district courts have held that a federal defense based on assertion that the PTFA preempts state law cannot serve as a basis for removal jurisdiction. *Aurora Loan Servs., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *see SD Coastline LP v. Buck*, No. 10CV2108 MMA, 2010 WL 4809661, at *1-3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); *Aurora Loan Servs., LLC v. Martinez*, No. C10–01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar.29, 2010); *MTI Capital Inc. v. Jock Edward Mckaba*, No. CV 11-06725 SJO, slip op. at 4 (C.D. Sept. 13, 2011).

Accordingly, Plaintiff's Complaint does not provide this Court with subject matter jurisdiction because the Complaint does not arise under the Constitution, laws, or treaties of the United States.

III.     CONCLUSION

For the foregoing reasons, the Court **REMANDS** the instant action to Los Angeles Superior Court.

IT IS SO ORDERED.

```
                              cc:order, docket, remand
                              letter to Los Angeles Superior
                              Court, No. 11 U 13786
```